UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| JACQUELYN JACKSON | } | Case No. 0:19-cv-62650 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | 15 U.S.C. § 1681, et seq. |
| PHOENIX FINANCIAL SERVICES, LLC | } | Fla. Stat. § 559.55, et seq. |
| DEFENDANT | } | |
| | / | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff JACQUELYN JACKSON, through her attorney, brings this action to challenge the actions of Defendant PHOENIX FINANCIAL SERVICES, LLC, for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§

559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. The Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., ("FCRA") was designed to protect consumers from inaccurate credit reporting and abuses perpetrated by credit information furnishers like the ones described in this complaint, and to protect citizens like Plaintiff. "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. […] There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.* at § 1681(a).

5. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

6. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, 15 U.S.C. § 1681p, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

8. Because all tortious conduct occurred while Plaintiff resided in the City of Lauderhill, County of Broward, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

9. Plaintiff is a natural person.

10. Defendant is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Fla. Stat. § 559.55(6) because she allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, the alleged debt was one incurred via a personal car loan with Santander Consumer USA.

12. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8) because she was allegedly obligated to pay a "debt." Plaintiff is a "consumer" as such is described by the FCRA, 15 U.S.C. § 1681a(c) because she is an individual.

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

14. At some point in the past, Plaintiff financed a personal vehicle with Santander Consumer USA. Then, Plaintiff's vehicle was repossessed and sold at auction. However, Santander Consumer USA claimed a deficiency balance. After this, Santander Consumer USA either sold this alleged debt to Defendant or contracted with Defendant to collect on this alleged debt.

15. Notwithstanding the facts as described in paragraph 14, above, Defendant sought to collect from Plaintiff an amount that Plaintiff does not owe. In so doing, on or after October 26, 2018, Defendant placed entries on Plaintiff's credit report and called Plaintiff on the telephone attempting to collect on the alleged debt. Plaintiff demanded validation from Defendant regarding the alleged debt, but Defendant failed to provide Plaintiff with validation.

16. Additionally, on or after October 26, 2018, Plaintiff disputed the alleged debt with Defendant and with the credit bureaus and Credit Karma. However, after receiving Plaintiff's dispute directly from Plaintiff as well as notice of Plaintiff's dispute filed through the credit bureaus, Defendant nevertheless continued to report the alleged debt on Plaintiff's credit report without any indication that the alleged debt is disputed (and still in the wrong amount as well) – and in fact had "updated" the entry on Plaintiff's credit reports after receiving these disputes, yet did not change the entry to fit the facts or respond to the dispute in any capacity.

17. As of October 24, 2019, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  Furthermore, Defendant has failed to provide Plaintiff with the foregoing in any written capacity at all.

### FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

18. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-17, as if fully set forth herein.

19. By communicating with Plaintiff and the credit bureaus for the purposes of collecting upon an alleged debt that Plaintiff do not actually owe in the manner alleged by Defendant, Defendant has falsely represented the character, amount, or legal status of a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(2)(A).

20.  By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt without indicating that the alleged debt is disputed, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(8).

21.  By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt despite either knowing that such information is false or should have had known that such information is false, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(8).

22. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff do not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly

authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

23. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

24. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

25. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

26. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

27. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff are so entitled.

28. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff are so entitled.

29. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff are so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief (for each individual Plaintiff):

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCRA, 15 U.S.C. § 1681, et seq.**

30. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-17, as if fully set forth herein.

31. By receiving notice of Plaintiff's dispute filed with the consumer reporting agencies (the "credit bureaus") regarding the completeness or accuracy of information provided by Defendant surrounding the alleged debt, and failing to conduct a reasonable investigation with respect to the disputed information (and perform all other necessary tasks concurrent and subsequent to that investigation as established by 15 U.S.C. § 1681s-2(b)(1)), Defendant has engaged in illegal practices under the FCRA, 15 U.S.C. § 1681s-2(b)(1).

32. The FCRA provides for actual damages sustained as a result of willful violations of the statute, 15 U.S.C. § 1681n(a)(1)(A).

33. The FCRA provides for statutory damages of $1,000.00 for willful violations of the statute, 15 U.S.C. § 1681n(a)(1)(A).

34. The FCRA provides for punitive damages for willful violations of the statute, 15 U.S.C. § 1681n(a)(2).

35. The FCRA provides for reasonable attorney's fees and costs in any successful action proving willful violations of the statute, 15 U.S.C. § 1681n(a)(3).

36. The FCRA provides for actual damages sustained as a result of negligent violations of the statute, 15 U.S.C. § 1681o(a)(1).

37. The FCRA provides for reasonable attorney's fees and costs in any successful action proving negligent violations of the statute, 15 U.S.C. § 1681o(a)(2).

38. 15 U.S.C. § 1681n(a)(1)(A) entitles Plaintiff to actual damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

39. 15 U.S.C. § 1681n(a)(1)(A) entitles Plaintiff to up to $1,000.00 in statutory damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

40. 15 U.S.C. § 1681n(a)(2) entitles Plaintiff to punitive damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

41. 15 U.S.C. § 1681n(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successfully proving Defendant's willful violations of the FCRA, and Plaintiff are so entitled.

42. 15 U.S.C. § 1681o(a)(1) entitles Plaintiff to actual damages for Defendant's negligent violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff are so entitled.

43. 15 U.S.C. § 1681o(a)(2) entitles Plaintiff to reasonable attorney's fees and costs upon successfully proving Defendant's negligent violations of the FCRA, and Plaintiff are so entitled.

WHEREFORE, Plaintiff respectfully request that this Court enters judgment against Defendant and provides Plaintiff with the following relief (for each individual Plaintiff):

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Reasonable attorney's fees and costs;

(e) And any other relief as the court deems proper and may provide.

Plaintiff request a jury for all claims so triable.

### THIRD CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq.**

44. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-17, as if fully set forth herein.

45. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt without indicating that the alleged debt is disputed while having actual knowledge of the existence of the reasonable dispute, to Defendant has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(6).

46. By communicating with Plaintiff and the credit bureaus for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, while having actual knowledge Plaintiff does not owe the alleged debt in the manner alleged by Defendant, Defendant claimed or attempted to enforce a debt when Defendant knows the debt is not legitimate, in violation of the FCCPA, Fla. Stat. § 559.72(9).

47. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

48. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

49. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

50. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

51. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff are so entitled.

52. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff are so entitled.

53. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff are so entitled.

WHEREFORE, Plaintiff respectfully request that this Court enters judgment against Defendant and provides Plaintiff with the following relief (for each individual Plaintiff):

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Reasonable attorney's fees and costs;

(e) And any other relief as the court deems proper and may provide.

Plaintiff request a jury for all claims so triable.

Respectfully submitted this 24th day of October, 2019,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com